Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
650 College Road East, Suite 4000
Princeton, NJ 08540
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiffs*
*IBSA Institut Biochimique SA and*
*IBSA Pharma Inc.*

Of Counsel:

Jeffrey J. Oelke
Ryan P. Johnson
Andrew Kral
FENWICK & WEST LLP
902 Broadway, 18th Floor
New York, NY 10010-6035
(212) 430-2600
joelke@fenwick.com
ryan.johnson@fenwick.com
akral@fenwick.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IBSA INSTITUT BIOCHIMIQUE SA and IBSA PHARMA INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ASCENT PHARMACEUTICALS, INC., CAMBER PHARMACEUTICALS, INC., and HETERO LABS LIMITED,<br><br>Defendants. | C.A. No.<br><br>**(Filed Electronically)** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs IBSA Institut Biochimique SA ("IBSA SA") and IBSA Pharma Inc. ("IBSA Pharma") (collectively, "IBSA" or "Plaintiffs"), by their undersigned attorneys, bring this action against Defendants Ascent Pharmaceuticals, Inc. ("Ascent"), Camber Pharmaceuticals Inc. ("Camber"), and Hetero Labs Limited ("Hetero") (collectively, "Defendants") and hereby allege as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, Title 35 of the United States Code, arising from Ascent's submission of an Abbreviated New Drug

Application ("ANDA") to the United States Food and Drug Administration ("FDA"), by which Ascent seeks approval to market a generic version of IBSA's pharmaceutical product Tirosint® (levothyroxine sodium) capsules prior to the expiration of U.S. Patent No. 12,564,565 ("the '565 patent").

**THE PARTIES**

2. Plaintiff IBSA SA is a corporation organized and existing under the laws of the Swiss Confederation, having a principal place of business at Via Pian Scairolo 49, 6912 Pazzallo, Lugano, Switzerland.

3. Plaintiff IBSA Pharma is a corporation organized and existing under the laws of Delaware, having a principal place of business at 8 Campus Drive, Suite 201, Parsippany, New Jersey 07054.

4. On information and belief, Defendant Ascent is a corporation organized and existing under the laws of New York, having a place of business located at 400 South Technology Drive, Central Islip, New York 11722. On information and belief, Ascent is an agent or affiliate of Camber and is a wholly-owned subsidiary of Hetero.

5. On information and belief, Camber is a corporation organized and existing under the laws of Delaware, having its principal place of business at 800 Centennial Avenue, Suite 1, Piscataway, New Jersey 08854. On information and belief, Camber is an agent or affiliate of Ascent and is a wholly-owned subsidiary of Hetero.

6. On information and belief, Hetero is a corporation organized and existing under the laws of India, having a principal place of business at 7-2-A2, Hetero Corporate Industrial Estates, Sanath Nagar, Hyderabad 500 018, Andhra Pradesh, India. On information and belief, Hetero is the parent company of Ascent and Camber.

7. On information and belief, Defendants are in the business of developing, manufacturing, marketing, and/or selling generic pharmaceutical products, which they distribute in the State of New Jersey and throughout the United States. Ascent has previously admitted that Ascent "develops and manufactures generic pharmaceutical products, which then are sold in the United States by independent marketing groups, the locations of which are in, among other places, New Jersey."[1] Camber has previously admitted that "Camber sells generic pharmaceuticals throughout the United States, including New Jersey."[2] Camber is registered with the State of New Jersey's Department of Health as a drug and medical device "distributor" with Registration Number 5003516.[3]

8. Camber has publicly stated on its website that "[t]o keep up with growing demand, Hetero formed Ascent Pharmaceuticals in Central Islip, NY, in 2012 to further support product development and production," and "Ascent produces approximately 20 percent of the generic products offered by Camber Pharmaceuticals."[4]

9. Ascent has previously admitted that Ascent "manufactures generic pharmaceuticals for its customer, Camber Pharmaceuticals, Inc.," and "Camber sells generic pharmaceutical

[1] Answer at 4, *Tris Pharma, Inc. v. Ascent Pharm., Inc.*, No. 21-cv-12867-KM-ESK, ECF No. 38 (D.N.J. Oct. 29, 2021); Answer at 9, *Supernus Pharma., Inc. v. Ascent Pharma. Inc., et al.*, No. 3:23-cv-04015, ECF No. 12 (D.N.J., Oct. 11, 2023).

[2] Answer at 2, *Roxane Lab'ys, Inc. v. Camber Pharm., Inc.*, No. 14-4042, ECF No. 130 (D.N.J. Sept. 19, 2014).

[3] N.J. Dep't of Health, *Camber Pharmaceuticals Inc.*, *available at:* https://njgov.healthinspections.us/_templates/636/1/certificate/_report_full.cfm?permitID=21069&parentTableName=tblPermit&dsn=dhd_636_1&domainid=636 (last visited September 9, 2026).

[4] Camber Website, *Camber Celebrates 15 Years of Success* (September 30, 2022), https://www.camberpharma.com/15-years-success/ (last visited September 9, 2026); *see also* Camber Website, *Company Timeline, available at:* https://www.camberpharma.com/company-timeline/ ("Hetero launche[d] Ascent Pharmaceuticals [in 2012] to support product development in the U.S. Approximately 20% of Camber's products are now manufactured by Ascent in Long Island, New York.") (last visited September 9, 2026).

products manufactured by Ascent in the United States."[5] Ascent has also publicly stated on its website that "Ascent's commercial products are primarily marketed and distributed under the Camber brand."[6]

10. Ascent's website confirms that Ascent manufactures forty of its forty-nine currently listed products for marketing, distribution, and/or sale by Camber, including generic drug products such as levothyroxine sodium tablets.[7]

11. On information and belief, Ascent and Camber are agents of each other and Hetero with respect to formulating, manufacturing, packaging, marketing, and/or selling pharmaceutical products throughout the United States, including levothyroxine sodium tablets,[8] and will do the same with respect to the product for which they have sought approval from the FDA in ANDA No. 221008 ("Ascent's ANDA").

12. On information and belief, Ascent, together with its affiliates and/or agents Camber and Hetero, filed Ascent's ANDA with the FDA that is at issue in this patent infringement suit.

13. On information and belief, Ascent is acting on behalf of itself and on behalf of Camber and Hetero with respect to Ascent's ANDA.

**JURISDICTION AND VENUE**

14. This action for patent infringement arises under 35 U.S.C § 1 *et seq.* generally and 35 U.S.C § 271 specifically.

[5] Answer at 7, *Supernus Pharma., Inc. v. Ascent Pharma. Inc., et al.*, No. 3:23-cv-04015, ECF No. 12 (D.N.J., Oct. 11, 2023).
[6] Ascent Website, "Our Mission," *available at:* https://www.ascentpharm.com/about/our-mission (last visited September 9, 2026).
[7] Ascent Website, "Our Portfolio," *available at:* https://www.ascentpharm.com/products (last visited September 9, 2026).
[8] Ascent Website, "Levothyroxine Sodium," *available at:* https://www.ascentpharm.com/products/levothyroxine-sodium-tablets (disclosing "[p]ackage insert for Camber") (last visited September 9, 2026).

15. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1338(a).

16. This Court has personal jurisdiction over Defendants under: (i) Fed. R. Civ. P. 4(k)(1), N.J. Ct. R. 4:4-4; and/or (ii) Fed. R. Civ. P. 4(k)(2).

17. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and/or 1400 (b).

18. This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants directly or indirectly develop, manufacture, market, and/or sell or intend to market and sell generic drugs throughout the United States and in this Judicial District, including Defendants' generic products. In addition, Defendants have purposefully availed themselves of the rights and benefits of the laws of the State of New Jersey, having engaged in systematic and continuous contacts with the State of New Jersey, either directly or through their affiliates and/or agents, including by selling pharmaceutical products in New Jersey. On information and belief, Defendants derive substantial revenue from the sale of those products in New Jersey, including in this Judicial District.

19. Moreover, Defendants have previously litigated patent infringement disputes in this Judicial District and have affirmatively availed themselves of the jurisdiction of this Court by filing counterclaims in this Judicial District. *See, e.g.*, *Tris Pharma, Inc. v. Ascent Pharm., Inc.*, No. 21-cv-12867-KM-ESK, ECF No. 38 (D.N.J. Oct. 29, 2021); *Roxane Lab'ys, Inc. v. Camber Pharm., Inc., et al.*, No. 14-04042-SRC-CLW, ECF No. 130 (D.N.J. Sept. 29, 2014); *AbbVie Inc., et al v. Hetero USA, Inc., et al.*, No. 3:26-cv-00114-JCG-JBD, ECF No. 22 (D.N.J., Mar. 16, 2026); *Astellas Pharma Inc., et al. v. Hetero USA, Inc., et al.*, No. 3:25-cv-15434-MAS-RLS, ECF No. 13 (D.N.J. Nov. 11, 2025); *Rigel Pharm., Inc. v. Annora Pharma Private, Ltd., et al.*, No. 2:22-cv-

04732-SRC-CLW, ECF No. 7 (D.N.J., Sept. 21, 2022); *Merck Sharp & Dohme LLC v. Hetero USA, Inc., et al.*, No. 2:22-cv-6820-ES-CLW, ECF No. 11 (D.N.J., Feb. 10, 2023).

20. On information and belief, Defendants intend to sell, offer to sell, use, import into the United States, and/or engage in the commercial manufacture of the product for which they have sought approval from the FDA in Ascent's ANDA, directly or indirectly, throughout the United States and in this Judicial District. Ascent's filing of Ascent's ANDA confirms this intention and subjects Defendants to the specific personal jurisdiction of this Court.

21. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(b) with respect to Ascent because, on information and belief, Ascent acts as an agent or affiliate of Camber, which has a principal place of business in New Jersey, with Ascent manufacturing products for Camber to market, distribute, and/or sell in New Jersey. On information and belief, Ascent and Camber have and will continue to engage in infringing activities in New Jersey. On information and belief, Ascent is a wholly-owned subsidiary of Hetero, and Hetero has maintained a regular and established place of business within the State of New Jersey. For example, Hetero's website states that Hetero established its sole North American marketing office in New Jersey, located at 1035 Centennial Avenue, Piscataway, New Jersey 08854.[9] Venue is also proper because Ascent has previously consented to venue in this Judicial District. *See Astellas Pharms., Inc., et al. v. Ascent Pharms., Inc.*, No. 3:25-cv-00035-MAS-RLS, ECF No. 13 (D.N.J, March 24, 2025); *Jazz Pharms. Research UK Ltd. v. Apotex, Inc., et al.*, No. 2:24-cv-7550-MEF-AME, ECF No. 27 (D.N.J. Sept. 6, 2024); *Tris Pharma, Inc. v. Ascent Pharm., Inc.*, No. 21-cv-12867-KM-ESK, ECF No. 38 (D.N.J. Oct. 29, 2021).

---

[9] Hetero Website, "Contact Us," *available at:* https://www.hetero.com/contact-us (last visited September 9, 2026).

22. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and/or 1400(b) with respect to Camber because, upon information and belief, Camber has a principal place of business in New Jersey and has and will continue to engage in infringing activities in New Jersey. Venue is also proper against Camber because it has previously not contested venue in this Judicial District. *Roxane Lab'ys, Inc. v. Camber Pharm., Inc.*, No. 2:14-cv-04042-SRC-CLW, ECF No. 130 (D.N.J. Sept. 19, 2014).

23. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(b) with respect to Hetero, because, inter alia, on information and belief, Hetero is a foreign corporation and, as such, may be sued in any judicial district in which it is subject to personal jurisdiction. Upon information and belief, Hetero has maintained a regular and established place of business within the State of New Jersey and has established its sole North American marketing office in New Jersey, located at 1035 Centennial Avenue, Piscataway, New Jersey 08854.[10] Venue is also proper against Hetero because it has previously not contested venue in this Judicial District. *AbbVie Inc., et al. v. Hetero USA, Inc., et al.*, 3:26-cv-00114-JCG-JBD, ECF No. 22 (D.N.J., Mar. 16, 2026); *Astellas Pharma Inc., et al. v. Hetero USA, Inc., et al.*, 3:25-cv-15434-MAS-RLS, ECF No. 13 (D.N.J. Nov. 11, 2025); *Gilead Sciences, Inc. v. Aspiro Pharma Ltd., et al.*, 2:25-cv-13936-SRC-SDA, ECF No. 11 (D.N.J. Sep. 29, 2025); *Rigel Pharm., Inc. v. Annora Pharma Private, Ltd., et al.*, No. 2:22-cv-4732, ECF No. 7 (D.N.J., Sept. 21, 2022); *Merck Sharp & Dohme LLC v. Hetero USA, Inc., et al.*, No. 2:22-cv-06820, ECF No. 11 (D.N.J., Feb. 10, 2023).

**THE PATENT-IN-SUIT**

24. On March, 3, 2026, the United States Patent and Trademark Office issued the '565 patent, entitled "Stable Pharmaceutical Formulations of Amino Acids, Peptides or Proteins," a

[10] Hetero Website, "Contact Us," https://www.hetero.com/contact-us (last visited September 9, 2026).

copy of which is attached to this Complaint as Exhibit A. IBSA SA is the owner of all right, title, and interest in the ’565 patent. IBSA Pharma is the exclusive licensee of patent rights relating to Tirosint® capsules in the United States, including for the ’565 patent.

**TIROSINT® CAPSULES**

25. IBSA holds approved New Drug Application No. 021924 (the “Tirosint® capsules NDA”) for levothyroxine sodium oral capsules, with dosage strengths of 13 mcg, 25 mcg, 37.5 mcg, 44 mcg, 50 mcg, 62.5 mcg 75 mcg, 88 mcg, 100 mcg, 112 mcg 125 mcg, 137 mcg, 150 mcg, 175 mcg, and 200 mcg. IBSA Pharma sells the product of the Tirosint® capsules NDA in the United States under the trade name Tirosint® capsules.

26. Pursuant to 21 U.S.C. § 355(b)(1) and attendant FDA regulations, the ’565 patent is listed in the FDA publication “Approved Drug Products with Therapeutic Equivalence Evaluations” (the “Orange Book”), with respect to Tirosint® capsules.

**ASCENT’S ANDA**

27. On information and belief, Ascent submitted Ascent’s ANDA to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, offer for sale, and/or sale in, and/or importation into, the United States of generic levothyroxine sodium capsules, containing 13 mcg, 25 mcg, 37.5 mcg, 44 mcg, 50 mcg, 62.5 mcg, 75 mcg, 88 mcg, 100 mcg, 112 mcg, 125 mcg, 137 mcg, 150 mcg, 175 mcg, and 200 mcg of levothyroxine sodium (“Ascent’s Product”).

28. On information and belief, Ascent’s ANDA refers to and relies upon the Tirosint® capsules NDA and contains data that, according to Ascent, demonstrate the bioequivalence of Ascent’s Product and Tirosint® capsules.

29. By letter to IBSA, dated August 26, 2026 (the “Notice Letter”), Ascent stated that Ascent’s ANDA contained a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the

’565 patent is invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of Ascent’s Product (the “Paragraph IV Certification”). Ascent attached a memorandum to the Notice Letter in which it purported to allege factual and legal bases for its Paragraph IV Certification.

30. On information and belief, Defendants worked in concert to prepare, submit, and file the Paragraph IV Certification and Ascent’s ANDA with the FDA.

31. Plaintiffs are filing this suit within 45 days of receipt of the Notice Letter.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 12,564,565**

32. Plaintiffs re-allege and incorporate by reference the allegations of Paragraphs 1-31 of this complaint.

33. Defendants have infringed claims 1-11 of the ’565 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Ascent’s ANDA, by which Defendants seek approval from the FDA to sell, offer to sell, use, import into the United States, and/or engage in the commercial manufacture of Ascent’s Product prior to the expiration of the ’565 patent.

34. Defendants’ sale, offer for sale, use, or commercial manufacture of Accord’s Product within the United States or importation of Accord’s Product into the United States during the term of the ’565 patent would infringe claims 1-11 of the ’565 patent under 35 U.S.C. §§ 271(a), (b), (c), and/or (g).

35. On information and belief, Defendants have had, and continue to have, knowledge that Ascent’s Product is especially adapted for a use that infringes one or more claims of the ’565 patent and that there is no substantial non-infringing use for Ascent’s Product.

36. Plaintiffs will be substantially and irreparably harmed if Defendants are not enjoined from infringing the ’565 patent.

37. Plaintiffs have no adequate remedy at law.

38. Plaintiffs are entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants and respectfully request the following relief:

A. A Judgment that Defendants have infringed the '565 patent;

B. A Judgment, pursuant to 35 U.S.C. § 271(e)(4)(B), preliminarily and permanently enjoining Defendants, their officers, agents, servants, and employees, and those persons in active concert or participation with any of them, from manufacturing, using, offering to sell, or selling Ascent's Product within the United States, or importing Ascent's Product into the United States, prior to the expiration of the '565 patent, including any extensions, adjustments, and exclusivities to which Plaintiffs are or become entitled;

C. A Judgment ordering that, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Ascent's ANDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) shall not be earlier than the expiration of the '565 patent, including any extensions, adjustments, and exclusivities to which Plaintiffs are or become entitled;

D. If Defendants commercially manufacture, use, offer to sell, or sell Ascent's Product within the United States, or import Ascent's Product into the United States, collectively or individually, prior to the expiration of the '565 patent, a Judgment awarding Plaintiffs monetary relief, including, but not limited to, lost profits, together with interest;

E. Attorneys' fees in this action as an exceptional case pursuant to 35 U.S.C. § 285;

F. Costs and expenses in this action; and

G. Such other relief as the Court deems just and proper.

Dated: September 9, 2026

By: s/ Charles M. Lizza

Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
650 College Road East, Suite 4000
Princeton, NJ 08540
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiffs IBSA Institut Biochimique SA and IBSA Pharma Inc.*

OF COUNSEL:

Jeffrey J. Oelke
Ryan P. Johnson
Andrew Kral
FENWICK & WEST LLP
902 Broadway, 18th Floor
New York, NY 10010-6035
(212) 430-2600
joelke@fenwick.com
ryan.johnson@fenwick.com
akral@fenwick.com

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULES 11.2 AND 40.1**

Pursuant to Local Civil Rules 11.2 and 40.1, I hereby certify that the matter captioned *IBSA Institut Biochimique SA, et al. v. Accord Healthcare, Inc.*, No. 23-54 (SRC)(JBC) (D.N.J.) is related to the matter in controversy because the matter in controversy involves the same plaintiffs and a similar drug product with the same active pharmaceutical ingredient.

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceedings.

Dated: September 9, 2026

By: s/ Charles M. Lizza

Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
650 College Road East
Princeton, NJ 08540
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiffs IBSA Institut Biochimique SA and IBSA Pharma Inc.*

OF COUNSEL:

Jeffrey J. Oelke
Ryan P. Johnson
Andrew Kral
FENWICK & WEST LLP
902 Broadway, 18th Floor
New York, NY 10010-6035
Telephone: (212) 430-2600
Email: joelke@fenwick.com
ryan.johnson@fenwick.com
akral@fenwick.com